UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA, | ) |   |
|---|---|---|
|   | ) |   |
| Plaintiff, | ) |   |
|   | ) |   |
| v. | ) | CIVIL NO. 1:07cr96 |
|   | ) |   |
| KEVIN J. BLEVINS, | ) |   |
|   | ) |   |
| Defendant. | ) |   |

OPINION AND ORDER

This matter is before the court on a Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed by the defendant, Kevin J. Blevins ("Blevins"), proceeding pro se, on October 30, 2009. The government responded to the motion on November 4, 2009, to which Blevins replied on December 1, 2009. Also on December 1, 2009, Blevins filed a "Request to Proceed with Belated Appeal".

Discussion

This case has a lengthy procedural history. However, for present purposes, the relevant history is that on October 5, 2009, this court entered an order denying Blevins' motion to lift detainer and also denying his motion to dismiss interest on restitution.

On October 30, 2009, Blevins filed a notice of appeal to the Seventh Circuit Court of Appeals, and on this same date the record was sent to the Seventh Circuit.

In Blevins' current motion to vacate, his primary assertion is that this court did not have jurisdiction to sentence him on a probation violation because the violation occurred in the Southern District of Indiana. The government has filed a short preliminary response to the motion, noting that Blevins' appeal was docketed by the Seventh Circuit Court of Appeals under

Appeal No. 09-3677. The government informs this court that on November 3, 2009, the government submitted for filing with the Seventh Circuit its Appellee's Motion to Dismiss Appellant's Untimely Appeal. The government further argues that, when a direct appeal is pending, a district court should not consider a § 2255 motion absent extraordinary circumstances. United States v. Barger, 178 F.3d 844, 848 (7th Cir. 1999). The government asserts that there does not appear to be any extraordinary circumstances in this case.

Clearly, the government is correct. Generally, once a notice of appeal is filed, a district court is divested of jurisdiction in a case. Therefore, this court cannot rule upon Blevins' § 2255 motion until the Seventh Circuit has made its rulings on the issues on appeal. Thus, the motion will be dismissed for lack of jurisdiction.

Additionally, with respect to Blevins' request to proceed with belated appeal, this court does not have jurisdiction over the request and Blevins should submit his request to the Seventh Circuit Court of Appeals.

## Conclusion

On the basis of the foregoing, Blevins' § 2255 motion [DE 95] is hereby DISMISSED. Further, Blevins' request to proceed with belated appeal [DE 101] is also DISMISSED.

Entered: December 3, 2009.

s/ William C. Lee
William C. Lee, Judge
United States District Court